NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ENVER KARAFILI, | No. 17-16038 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-02121-LHK |
| v. | |
| JIMMY CRUZEN, Correctional Sergeant; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted December 18, 2017[**]

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges

California state prisoner Enver Karafili appeals pro se from the district

court's summary judgment for failure to exhaust administrative remedies in his 42

U.S.C. § 1983 action related to congregational prayer.  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo.  *Williams v. Paramo*, 775 F.3d 1182, 1191

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2015).  We affirm.

The district court properly granted summary judgment because Karafili failed to raise a genuine dispute of material fact as to whether he properly exhausted his administrative remedies, or whether there was "something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (requiring proper exhaustion, which means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)).  Karafili contends that he exhausted under a "continuing violation" theory, but even if this court were to adopt such a theory, it would not apply in this case.

**AFFIRMED.**